## KNAP V. SACKET.

A person who has executed a bill of sale in the name of another, shall not be admitted to testify he had no right to do it.

A writing witnessed by subscribing witnesses must be proved by them if to be had.

ACTION of trover for a vessel. Issue to the jury. The dispute was respecting the property.

Underhill of New York, owned the vessel; the plaintiff claimed her by virtue of a bill of sale from             Close, captain of the vessel and agent for said Underhill; the defendant set up title to her in virtue of a purchase from said Underhill, subsequent to the bill of sale from Close — whose power of agency and right to sell was drawn in question. And the defendant moved that Close might be sworn as a witness; but by the court was not admitted, for after he has executed a bill of sale in the name of Underhill, it shall not lie in his power to swear that he had no right to do it.

The defendant offered a bill of sale of said vessel, witnessed by two subscribing witnesses — which was denied to be genuine. The defendant offered to prove the execution by comparison of the handwriting — but by the court, it will not do to admit the lowest kind of evidence to authenticate a deed, when it is apparent that the party has better evidence in his power, which might have been produced. The bill of sale was rejected.